**FILED**
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO      JUN 1 6 2005

UNITED STATES OF AMERICA,

    Plaintiff/Respondant,

MATTHEW J. DYKMAN
CLERK

v.      Civ. No. 05-0332 MCA/RLP

GUILLERMO ARMANDO SALAS-VASQUEZ,

    Defendant/Movant.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION[1]

1.    This is a proceeding brought pursuant to 28 U.S.C. § 2241. Defendant is currently incarcerated in a correctional facility in Estancia, New Mexico where he awaits deportation. His petition alleges that he is a United States national[2] and that deportation violates his right to due process. In support of his claim he attaches several documents: his wife's birth certificate showing she is a United States citizen and letters from his wife and children requesting that he not be deported.

2.    By Defendant's own admission, he has been in this country since 1987, has faced felony charges five times, and has been deported four times. He appears to argue that his marriage to a United States citizen confers upon him United States citizenship, or at least the status of a national.

---

[1] Within ten (10) days after a party is served with a copy of the Magistrate Judge's Report and Recommendation that party may, pursuant to 28 U.S.C. § 636 (b)(1) , file written objections in the United States District Court to the Report and Recommendation. A party must file any objections within the ten-day period allowed if that party wants to have appellate review of the Report and Recommendation. If no objections are filed, no appellate review will be allowed.

[2] He argues both that he is a citizen and a national.

3.  On May 11, 2005, while this petition was pending, the President signed into law H.R. 1268, an "Act Making Emergency Supplemental Appropriations for Defense, the Global War on Terror, and Tsunami Relief, for the fiscal year ending September 30, 2005." Pub.L. No. 109-13, 119 Stat. 231 (May 11, 2005). Part of this legislation is known as the "REAL ID Act of 2005" (formerly H.R. 419). The Act amends 8 U.S.C. § 1252 to remove jurisdiction of the district courts and transfers it to the appropriate court of appeals to review removal decisions:

> (c) TRANSFER OF CASES.-- If an alien's case, brought under section 2241 of title 28, United States Code, and challenging a final administrative order of removal, deportation or exclusion, is pending in a district court on the date of the enactment of this division, then the district court shall transfer the case (or the part of the case that challenges the order of removal, deportation, or exclusion) to the court of appeals for the circuit in which a petition for review could have been properly filed . . . .

Real ID Act, § 106.

4.  Defendant's § 2241 petition was filed on March 28, 2005; thus, it was pending when the Real ID Act was enacted on May 11.[3] In its Supplemental Response, filed June 6, 2005 [Doc. 8], the Government states that this court has no jurisdiction to review Defendant's § 2241 petition pursuant to the foregoing provision. The court agrees that the

---

[3] Pursuant to 8 U.S.C. § 1101(a)(3), an alien is "any person not a citizen or national of the United States." "National" is defined as "(A) a citizen of the United States, or (B) a person who, though not a citizen of the United States, owes permanent allegiance to the United States." § 1101(a)(22). "Traditionally, the term 'national of the United States,' when applied to non-citizens, referred to persons born in territories of the United States, a category that has almost become obsolete." *United States v. Jimenez-Alcala*, 353 F.3d 858, 861 (10th Cir. 2003).

2

plain reading of the Real ID Act deprives this court of jurisdiction in § 2241 cases when the petitioner challenges orders of removal, which is the case here.

5.  The Government's Supplement Response further indicates that Defendant's immigration hearing was completed in El Paso, Texas. The law requires that § 2241 petitions be submitted to the appropriate court of appeals, which is "the court of appeals for the judicial district in which the immigration judge completed the proceedings." Real I.D. Act, § 106. Accordingly, I recommend that this case be transferred to the Fifth Circuit Court of Appeals.

## RECOMMENDED DISPOSITION

I recommend that the Clerk of the Court be directed to transfer this proceeding to the Fifth Circuit Court of Appeals.

Richard L. Puglisi
United States Magistrate Judge